**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| John H. Estep,<br><br>　　　　Petitioner,<br><br>vs.<br><br>J.T. Shartle,<br><br>　　　　Respondent. | No. CV-15-443-TUC-RM (LAB)<br><br>**REPORT AND<br>RECOMMENDATION** |

On September 18, 2015, the petitioner, an inmate confined in the Federal Correctional Institution in Tucson, AZ, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. (Doc. 1) The petitioner claims the trial court's order of restitution fails to comply with federal statutes.

Pursuant to the Rules of Practice of this Court, this matter was referred to the Magistrate Judge for Report and Recommendation.

The petition should be dismissed. This claim is not cognizable.

Background

Estep pleaded guilty to two counts of producing child pornography, one count of conspiracy to receive/distribute child pornography, six counts of receiving/distributing child pornography, and one count of possession of child pornography. (Doc. 10-2, pp. 6-7) On July

1 14, 2005, the trial court sentenced him to an aggregate sentence of 780 months. (Doc. 10-2, p. 8)

The trial court also imposed restitution of $221,480.10. (Doc. 10-2, p. 11) The trial court ordered that the total sum is due "immediately" and that "[a]ny outstanding balance owed by the defendant . . . shall be paid in minimum quarterly installments of $25.00 unless the defendant is employed by the Federal Prison authorities, in which case the defendant's quarterly installments shall be no less than $60.00." (Doc. 10-2, p. 12) On October 3, 2005, the trial court granted the government's unopposed Motion for Offset of Defendant's Retirement Benefit and directed the U.S. Office of Personnel Management (OPM) to remit 100% of Estep's monthly annuity payment to the U.S. Clerk's Office in Lexington, Kentucky. (Doc. 10-2, p. 40) It is this order to OPM that Estep challenges.

On direct appeal, Estep argued he should have been permitted to withdraw his guilty plea because "(1) he mistakenly thought there was a written plea agreement, (2) he was not competent to plead guilty because he was sleep deprived, and (3) he pleaded guilty under duress because his attorney told him that if he did not plead guilty, he would be physically harmed in state prison." (Doc. 10-2, pp. 42-43) The Sixth Circuit denied his appeal on September 21, 2006. (Doc. 10-2, pp. 42-44)

Estep then filed a motion to correct, set aside, or vacate his sentence, which the trial court construed as a petition brought pursuant to 28 U.S.C. § 2255. The court denied the motion as untimely on September 13, 2011. (Doc. 10-2, pp. 55-56)

Estep filed a second motion pursuant to 28 U.S.C. § 2255 on June 27, 2013. (Doc. 10-2, pp. 57-73) In that motion, Estep argued, among other things, that "[t]he restitution order was and is outside the law." (Doc. 10-2, p. 71) "It does not set a payment amount, there is no schedule of payments, nor is [sic] there start and end payment dates." *Id*. The trial court transferred the motion to the Sixth Circuit for authorization because it was a "second or successive" motion. (Doc. 10-2, p. 75) On April 29, 2014, the Sixth Circuit denied Estep authorization to file a "second or successive § 2255 motion" because his petition did not rely

on "newly discovered evidence" or "a new law of constitutional law" pursuant to 28 U.S.C. § 2255(h). (Doc. 10-2, pp. 75-76)

On September 9, 2015, Estep filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. (Doc. 1) He claims the trial court's restitution order "does not include a payment amount, a payment schedule or starting and ending payment dates" (Doc. 1, p. 4) Instead, it simply says "the restitution ordered herein shall be paid from Defendant's monthly retirement benefits." *Id.* Estep argues the trial court "has delegated its own scheduling duties to the office of personnel management." *Id.* He asks that this court "send the restitution order back to be amended . . . and squash [sic] original writ of garnishment and amend to include specific payment amount." (Doc. 1, p. 6)

The respondent filed an answer on December 10, 2015. (Doc. 10) He argues the petition should be dismissed for failure to exhaust or because the issue is waived. *Id.* He argues in the alternative, that the petition should be denied on the merits. *Id.* Estep filed a reply on January 11, 2016. (Doc. 13) The court concludes Estep's claim is not cognizable.

Discussion

A federal prisoner may file a petition pursuant to 28 U.S.C. §2241 when challenging the "manner, location, or conditions of a sentence's execution." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) When filing such a petition, "the prisoner must name the warden of the penitentiary where he is confined as a respondent." *Johnson v. Reilly*, 349 F.3d 1149, 1153 (9th Cir. 2003). This requirement follows naturally because the warden has custody over the petitioner and is primarily responsible for the execution of his sentence.

Here, Estep challenges the trial court's restitution order of October 3, 2005 directing the U.S. Office of Personnel Management (OPM) to remit 100% of Estep's annuity payment to the U.S. Clerk's Office in Lexington, Kentucky. (Doc. 10-2, p. 40) Estep argues the restitution order violates 18 U.S.C. §§ 3572, 3612, 3663, and 3664. (Doc. 1, p. 4) These statutes instruct the trial court to impose restitution when "an identifiable victim or victims has suffered a physical injury or pecuniary loss" and "specify in the restitution order the manner in which, and

1 the schedule according to which, the restitution is to be paid." 18 U.S.C. §§ 3663A, 3664(f)(2).

2 Estep argues the trial court's order to OPM runs afoul of the restitution statutes. This
3 claim challenges Estep's sentence. It does not challenge the "manner, location, or conditions
4 of [his] sentence's execution." *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).
5 Accordingly, this claim is not cognizable in a petition brought pursuant to § 2241. *See Lara v.*
6 *Smith*, 132 F. App'x 420, 421 (3rd Cir. 2005).

7 If the Bureau of Prisons (BOP) were taking money from Estep's prison account to satisfy
8 his restitution obligation, then a § 2241 petition directed to his custodian would be appropriate.
9 *See, e.g., Smiley v. Smith*, 2012 WL 4887485, at *4 (D. Ariz. 2012) (order clarified at 2013 WL
10 57822 (D. Ariz. 2013)) ("[A]n order to the BOP to cease collecting restitution payments is not
11 the same as issuing an order to the district courts . . . to modify their sentences."). That is not
12 happening here. OPM is sending Estep's annuity payments directly to the sentencing court.
13 (Doc. 1-1, pp. 29, 30) The respondent, Warden Shartle, can do nothing about that.

14 Estep's jurisdictional problem is reflected in that section of the petition where he is
15 instructed, "If you did not exhaust all available administrative remedies relating to Ground One,
16 explain why" (Doc. 1, p. 4) Estep answered, "No administrative remedies to exhaust, none
17 available." *Id.* He is correct. There is nothing the BOP can do for him. That is why his claim
18 is not cognizable.

19 One remaining jurisdictional issue remains. In a latter section of the petition, Estep
20 concedes that he is "challenging [his] conviction or sentence." (Doc. 1, p. 5) Claims that do
21 so ordinarily must be brought pursuant to § 2255. *Id.* He maintains, however, that he is
22 bringing a § 2241 petition rather than a § 2255 petition, because the latter is "inadequate or
23 ineffective." *Id.* He argues a § 2255 petition would not be permitted because he is not bringing
24 "an issue of custody." *Id.* Estep is half-right.

25 If a § 2255 petition would be "inadequate or ineffective to test the legality of his
26 detention," a petitioner may instead file a § 2241 petition. *Muth v. Fondren*, 676 F.3d 815, 818
27 (9th Cir. 2012). And, a § 2255 petition cannot be used to challenge a restitution order because
28 § 2255 applies only to "a prisoner in custody . . . claiming the right to be released." *U.S. v.*

- 4 -

*Thiele*, 314 F.3d 399, 402 (9th Cir. 2002).  The latter rule, however, does not implicate the former.

Estep cannot challenge the restitution order in a § 2255 petition because he does not "claim[] the right to be released." *Thiele*, 314 F.3d at 402.  This fact, however, does not make § 2255 "inadequate or ineffective" triggering the so called "escape hatch" that permits the filing of a § 2241 petition.  A § 2255 petition is "inadequate or ineffective" only "when a petitioner (1) makes a claim of actual innocence and (2) has not had an unobstructed procedural shot at presenting that claim." *Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012)  (punctuation modified).  Neither of these prerequisites is present here.  Accordingly, the "escape hatch" is not triggered, and Estep cannot bring a § 2241 petition under that exception.

Estep's claim may not be brought in a petition pursuant to §2241 or §2255.  As the respondent correctly notes, Estep should have brought this claim in his direct appeal.  He failed to do so, and now it is waived. *United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order dismissing the petition. (Doc. 1)  Estep's claim is not cognizable.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation.  If objections are not timely filed, they may be deemed waived.

DATED this 13th day of January, 2016.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge