IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John H. Estep,<br><br>                     Petitioner,<br><br>v.<br><br>JT Shartle,<br><br>                     Defendant. | No. CV-15-00443-TUC-RM<br><br>**ORDER** |

Pending before the Court is a Report and Recommendation issued by Magistrate Leslie A. Bowman (Doc. 14). In her Report and Recommendation, Judge Bowman recommends that this Court dismiss Petitioner's Petition because his claim is not cognizable. No objections were filed.

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1)(C). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. *See also Prior v. Ryan*, 2012 WL 1344286, *1 (D. Ariz. Apr. 8, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district judge reviews those unobjected portions for clear error.").

1    This Court agrees with the Report and Recommendation's conclusion that
2 Petitioner has not presented a cognizable challenge to the sentencing court's restitution
3 order. Ninth Circuit cases that review 28 U.S.C. § 2241 challenges to a sentencing
4 court's restitution order involve the court's improper delegation of authority to a prison.
5 *See, e.g.*, *Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012); *United States v. Lemoine*, 546
6 F.3d 1042 (9th Cir. 2008). Here, however, the delegation challenged is not to the prison
7 but to the United States Office of Personnel Management. Thus, Petitioner is suing
8 Respondent for habeas relief when Respondent has no involvement in the alleged
9 unlawful conduct. The Report and Recommendation is correct that the more appropriate
10 avenue for relief was Petitioner's direct appeal of his sentence. Petitioner failed to raise
11 this issue in his direct appeal and may not cure that failure by raising it in a § 2241
12 petition.

13    Additionally, Petitioner's case varies in another significant way from the
14 precedent detailing unlawful delegations of the sentencing court's authority. Typically,
15 the cases involve the prison creating a schedule for restitution payments and determining
16 how much to take out of the prisoner's prison account. *See, e.g.*, *Ward*, 678 F.3d at 1044;
17 *Lemoine*, 546 F.3d at 1044. This improperly leaves it to the prisons to determine when
18 and how restitution payments will be made. To the contrary, here, the sentencing court
19 directed the Office of Personnel Management to take *all* of Petitioner's monthly
20 retirement benefits until the restitution order has been fulfilled. By not leaving it to the
21 Office of Personnel Management to determine when and how much of his retirement
22 funds would be contributed to pay off the restitution order, the sentencing court did not
23 delegate its authority. *See Gunning*, 401 F.3d at 1149. Thus, even if Petitioner had made
24 a cognizable claim for improper delegation, the facts demonstrate that no such delegation
25 occurred.

26 . . .
27 . . .
28 . . .

Accordingly,

**IT IS HEREBY ORDERED** as follows:

1. Magistrate Judge Leslie A. Bowman's Report and Recommendation (Doc. 14) is **accepted and adopted**.

2. Petitioner's Petition (Doc. 1) is **denied** and this action is **dismissed**.

3. The Clerk of Court is directed to close this case.

Dated this 15th day of April, 2016.

_____
Honorable Rosemary Márquez
United States District Judge